FILED BY KS D.C.

Sep 14, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20473-CR-SCOLA/GOODMAN

18 U.S.C. § 371
16 U.S.C. § 3372(a)(1)
16 U.S.C. § 3373(d)(1)(A)
16 U.S.C. § 3372(d)
16 U.S.C. § 3373(d)(3)(A)(i)
18 U.S.C. § 2
16 U.S.C. § 3374

**UNITED STATES OF AMERICA**

**vs.**

**ALI TIUNA ELIAS LAIRET,**
**RANDY JOSE MARTINEZ MACHADO,**
**OSWALDO J. MACHADO, and**
**RICARDO ARTURO IBARZ RIVAS,**

**Defendants.**
_______________________________________/

## INDICTMENT

## GENERAL ALLEGATIONS

At all times relevant herein:

1. The Lacey Act, Title 16, United States Code, Section 3372(a)(1), et seq., in relevant part, makes it unlawful for a person to knowingly import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States. 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A).

2. The Lacey Act, Title 16, United States Code, Section 3372(d) makes it unlawful for a person to knowingly make or submit any false record, account, or label for, or any false identification of, any fish or wildlife that has been or is intended to be imported, transported, purchased, or received from any foreign country, or transported in interstate or foreign commerce.

16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(i).

3. Federal regulations require that a United States Fish and Wildlife Service Officer clear all wildlife to be exported from the United States prior to the physical loading of the merchandise on an aircraft or the palletizing of such merchandise for export. 50 C.F.R. § 14.52(a).

4. In order to export any fish or wildlife from the United States, federal regulations require that a completed Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177) signed by the exporter, or the exporter's agent, be filed with the United States Fish and Wildlife Service prior to the export of any wildlife at the port of exportation. 50 C.F.R. § 14.63.

5. In order to protect certain species of fish and wildlife against over-exploitation, the United States is a signatory to an international treaty known as the Convention on International Trade in Endangered Species of Wild Fauna and Flora, T.I.A.S. 8249, ("CITES"). A purpose of CITES is to monitor and restrict trade in certain species of fish, wildlife, and plants to protect them from commercial exploitation that might diminish the ability of the species to survive in the wild.

6. CITES classifies protected species in its Appendices. Appendix II includes all species "which although not necessarily now threatened with extinction may become so unless trade in specimens of such species is subject to strict regulation in order to avoid utilization incompatible with their survival." CITES, Art II (2)(a). To export an Appendix II specimen out of the United States, CITES, as implemented by federal regulations, requires that the exporter obtain a valid export permit or a valid re-export certificate. 50 C.F.R. § 23.20.

7. The Endangered Species Act ("ESA") makes it unlawful "for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of [CITES]." 16 U.S.C. § 1538(c)(l).

8. To engage in any "trade" means to export, re-export, import, and introduce from the sea. CITES, Art I (c). A specimen means "any animal . . . whether alive or dead" and "any readily recognizable part or derivative thereof." CITES, Art. I (b).

9. Green Bubble Coral (*Plerogyra sinuosa*), Elegant Coral (*Catalaphyllia jardinei*), Fungia Plate Coral (*Fungia fungites*), and Green Torch Coral (*Euphyllia yaeyamaensis*) are listed in Appendix II of CITES, and accordingly require valid CITES permits to be lawfully exported from the United States.

10. **ALI TIUNA ELIAS LAIRET** was a resident of Miami-Dade County, Florida.

11. **RANDY JOSE MARTINEZ MACHADO** was a resident of Caracas, Venezuela.

12. **OSWALDO J. MACHADO** was a resident of Miami-Dade County, Florida.

13. **RICARDO ARTURO IBARZ RIVAS** was a resident of Miami-Dade County, Florida.

**COUNT 1**
**CONSPIRACY AGAINST THE UNITED STATES**
**(18 U.S.C. § 371)**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around July 2016, and continuing through on or about February 13, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI TIUNA ELIAS LAIRET,**
**RANDY JOSE MARTINEZ MACHADO,**
**OSWALDO J. MACHADO, and**
**RICARDO ARTURO IBARZ RIVAS,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine,

conspire, confederate, and agree with each other and others unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly export, transport, sell, receive, acquire, and purchase fish and wildlife, that is, multiple species of fish and coral, including Green Bubble Coral (*Plerogyra sinuosa*), Elegant Coral (*Catalaphyllia jardinei*), Fungia Plate Coral (*Fungia fungites*), and Green Torch Coral (*Euphyllia yaeyamaensis*), knowing the fish and wildlife were taken, possessed, transported, and sold in violation of a law, treaty, and regulation of the United States, that is, Title 16, United States Code, Section 1538(c)(1) and the regulations promulgated thereunder, and Title 50, Code of Federal Regulations, Sections 14.52 and 14.63, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A).

**PURPOSE OF THE CONSPIRACY**

3. The purpose of the conspiracy was for **ALI TIUNA ELIAS LAIRET, RANDY JOSE MARTINEZ MACHADO, OSWALDO J. MACHADO,** and **RICARDO ARTURO IBARZ RIVAS** to unlawfully enrich themselves by illegally exporting fish and coral from the United States to Venezuela for their own financial gain.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which **ALI TIUNA ELIAS LAIRET, RANDY JOSE MARTINEZ MACHADO, OSWALDO J. MACHADO,** and **RICARDO ARTURO IBARZ RIVAS** sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **RANDY JOSE MARTINEZ MACHADO** purchased fish and coral from Wholesaler #1 in the Southern District of Florida for the purpose of illegally exporting the fish and coral from the United States to Venezuela for resale in Venezuela.

5. Once the order was ready to be picked up, **ALI TIUNA ELIAS LAIRET** or others picked up the orders from Wholesaler #1 and delivered them to **RICARDO ARTURO IBARZ RIVAS** for shipping.

6. Upon the receipt of the fish and coral, **RICARDO ARTURO IBARZ RIVAS** prepared manifest documents falsely describing the contents of the shipment and delivered the documents to Shipping Company #1 along with the boxes of fish and coral.

7. **RICARDO ARTURO IBARZ RIVAS** thereafter coordinated with **OSWALDO J. MACHADO** for the expedited shipping of the boxes of fish and coral to Venezuela through Shipping Company #1.

8. Prior to the exportation of the shipments, the conspirators failed to properly declare the fish and coral to the United States Fish and Wildlife Service, failed to make the fish and coral available for inspection, and failed to obtain the necessary CITES permit.

9. Shipping Company #1 then consolidated the boxes of fish and coral with other shipments and chartered cargo flights for the delivery of the shipments to Venezuela.

10. Upon the arrival of the shipments in Venezuela, **RANDY JOSE MARTINEZ MACHADO** arranged for the shipment to be picked up and delivered to his business for the purpose of selling the fish and coral in Venezuela.

## OVERT ACTS

In furtherance of the conspiracy, at least one of the defendants, committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about August 3, 2016, **ALI TIUNA ELIAS LAIRET** picked up two boxes

of fish from Wholesaler #1 and delivered them to **RICARDO ARTURO IBARZ RIVAS** to be shipped to **RANDY JOSE MARTINEZ MACHADO** in Venezuela ("Shipment #1").

2. On or about August 3, 2016, **RICARDO ARTURO IBARZ RIVAS** caused the two boxes of fish and shipping manifest documents to be delivered to Shipping Company #1 for export to Venezuela.

3. Prior to the exportation of Shipment #1, the conspirators failed to properly declare the fish to the United States Fish and Wildlife Service and failed to make the fish available for inspection.

4. On or about August 3, 2016, Shipping Company #1 shipped the two boxes of fish to **RANDY JOSE MARTINEZ MACHADO** in Venezuela.

5. On or about August 17, 2016, **ALI TIUNA ELIAS LAIRET** picked up three boxes of fish from Wholesaler #1 and delivered them to **RICARDO ARTURO IBARZ RIVAS** to be shipped to **RANDY JOSE MARTINEZ MACHADO** in Venezuela ("Shipment #2").

6. On or about August 17, 2016, **RICARDO ARTURO IBARZ RIVAS** caused the three boxes of fish and shipping manifest documents to be delivered to Shipping Company #1 for export to Venezuela.

7. Prior to the exportation of Shipment #2, the conspirators failed to properly declare the fish to the United States Fish and Wildlife Service and failed to make the fish available for inspection.

8. On or about August 17, 2016, Shipping Company #1 shipped the three boxes of fish to **RANDY JOSE MARTINEZ MACHADO** in Venezuela.

9. On or about September 21, 2016, **ALI TIUNA ELIAS LAIRET** picked up three

boxes of fish from Wholesaler #1 and delivered them to **RICARDO ARTURO IBARZ RIVAS** to be shipped to **RANDY JOSE MARTINEZ MACHADO** in Venezuela ("Shipment #3").

10. On or about September 21, 2016, **RICARDO ARTURO IBARZ RIVAS** caused the three boxes of fish and shipping manifest documents to be delivered to Shipping Company #1 for export to Venezuela.

11. Prior to the exportation of Shipment #3, the conspirators failed to properly declare the fish to the United States Fish and Wildlife Service and failed to make the fish available for inspection.

12. On or about September 21, 2016, Shipping Company #1 shipped the three boxes of fish to **RANDY JOSE MARTINEZ MACHADO** in Venezuela.

13. On or about February 1, 2017, Co-Conspirator #1 picked up two boxes of fish and coral from Wholesaler #1 and delivered them to **RICARDO ARTURO IBARZ RIVAS** to be shipped to **RANDY JOSE MARTINEZ MACHADO** in Venezuela ("Shipment #4").

14. On or about February 1, 2017, **RICARDO ARTURO IBARZ RIVAS** caused the two boxes of fish and coral and shipping manifest documents to be delivered to Shipping Company #1 for export to Venezuela.

15. Prior to the exportation of Shipment #4, the conspirators failed to properly declare the fish and coral to the United States Fish and Wildlife Service, failed to make the fish and coral available for inspection, and failed to obtain the necessary CITES permit.

16. On or about February 1, 2017, Shipping Company #1 attempted to ship the two boxes of fish and coral to **RANDY JOSE MARTINEZ MACHADO** in Venezuela.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**ILLEGAL EXPORT OF WILDLIFE**
**(16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A))**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about September 21, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI TIUNA ELIAS LAIRET,**
**RANDY JOSE MARTINEZ MACHADO,**
**OSWALDO J. MACHADO, and**
**RICARDO ARTURO IBARZ RIVAS,**

did knowingly export, transport, sell, receive, acquire, and purchase fish and wildlife, that is, multiple species of fish, including stripe damsel, yellow tail blue damsel, firefish gobi, spotted mandarin gobi, bubble anemone, and long tentacle anemone, among others, knowing the fish and wildlife was taken, possessed, transported, and sold in violation of a law, treaty, and regulation of the United States, that is, Title 50, Code of Federal Regulations, Sections 14.52 and 14.63, in that said wildlife was not first made available for inspection and properly declared to the United States Fish and Wildlife Service; in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A) and Title 18, United States Code, Section 2.

**COUNT 3**
**ILLEGAL EXPORT OF WILDLIFE**
**(16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A))**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about February 1, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI TIUNA ELIAS LAIRET,**
**RANDY JOSE MARTINEZ MACHADO,**
**OSWALDO J. MACHADO, and**
**RICARDO ARTURO IBARZ RIVAS,**

did knowingly export, transport, sell, receive, acquire, and purchase wildlife, that is, multiple species of fish and coral, including Green Bubble Coral (*Plerogyra sinuosa*), Elegant Coral (*Catalaphyllia jardinei*), Fungia Plate Coral (*Fungia fungites*), and Green Torch Coral (*Euphyllia yaeyamaensis*), knowing the fish and wildlife was taken, possessed, transported, and sold in violation of a law, treaty, and regulation of the United States, that is, in violation of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), in that the defendants caused the exportation of said fish and wildlife without declaring and obtaining the required export permit, in violation of Title 16, United States Code, Section 1538(c)(1) and the regulations promulgated thereunder; in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A) and Title 18, United States Code, Section 2.

**COUNT 4**
**FALSE LABELING**
**(16 U.S.C. §§ 3372(d)(1), 3373(d)(3)(A)(i))**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about September 21, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**OSWALDO J. MACHADO and**
**RICARDO ARTURO IBARZ RIVAS,**

did knowingly make and submit a false record, account, label for, and a false identification of wildlife, that is, multiple species of fish, including stripe damsel, yellow tail blue damsel, firefish

gobi, spotted mandarin gobi, bubble anemone, and long tentacle anemone, among others, in that the defendants caused the delivery of shipping manifest documents that falsely identified the contents of the shipment as only coral, said wildlife having been and intended to be exported; in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

**COUNT 5**
**FALSE LABELING**
**(16 U.S.C. §§ 3372(a)(1), 3373(d)(3)(A)(i))**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about February 1, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**OSWALDO J. MACHADO and**
**RICARDO ARTURO IBARZ RIVAS,**

did knowingly make and submit a false record, account, label for, and a false identification of wildlife, that is, multiple species of fish and coral, including Green Bubble Coral (*Plerogyra sinuosa*), Elegant Coral (*Catalaphyllia jardinei*), Fungia Plate Coral (*Fungia fungites*), and Green Torch Coral (*Euphyllia yaeyamaensis*), in that the defendants caused the delivery of shipping manifest documents that falsely identified the contents of the shipment as only coral, said wildlife having been and intended to be exported, all in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

**FORFEITURE**

1. The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of certain property

in which the defendants, **ALI TIUNA ELIAS LAIRET, RANDY JOSE MARTINEZ MACHADO, OSWALDO J. MACHADO,** and **RICARDO ARTURO IBARZ RIVAS**, have an interest.

2. Upon conviction of, or conspiracy to commit, a violation of Title 16, United States Code, Sections 3372 and/or 3373, as alleged in this Indictment, the defendant so convicted shall forfeit the following to the United States, pursuant to Title 16, United States Code, Section 3374, the following:

a. All fish or wildlife or plants imported, exported, transported, sold, received, acquired or purchased contrary to Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto; and

b. All vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto.

All pursuant to Title 16, United States Code, Section 3374, and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

______________________________
FOREPERSON

for ______________________________
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

______________________________
MARTY FULGUEIRA ELFENBEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALI TIUNA IAS LAIRET,
RANDY JOSE MARTINEZ MACHADO, ET. AL.,

Defendants/

CASE NO.____________________

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

☑ Miami ☐ Key West ☐ FTL
☐ WPB ☐ FTP

New defendant(s) ☐ Yes ☐ No
Number of new defendants ______
Total number of counts ______

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect Spanish
4. This case will take 4 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | ☑ | Petty | ☐ |
| II | 6 to 10 days | ☐ | Minor | ☐ |
| III | 11 to 20 days | ☐ | Misdemeanor | ☐ |
| IV | 21 to 60 days | ☐ | Felony | ☑ |
| V | 61 days and over | ☐ | | |

6. Has this case previously been filed in this District Court? (Yes or No) No
   If yes: Judge __________ Case No. __________
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) No
   If yes: Magistrate Case No. __________
   Related miscellaneous numbers: __________
   Defendant(s) in federal custody as of __________
   Defendant(s) in state custody as of __________
   Rule 20 from the District of __________
   Is this a potential death penalty case? (Yes or No) No
7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) No
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) No

MARTY FULGUEIRA ELFENBEIN
Assistant United States Attorney
FLA Bar No. 0020891

*Penalty Sheet(s) attached

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** ALI TIUNA ELIAS LAIRET

**Case No:** ______________________

Count: 1

Conspiracy Against the United States

Title 18, United States Code, Section 371

***Max. Penalty:** 5 Years' Imprisonment

Counts: 2 and 3

Illegal Export of Wildlife

Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A)

***Max. Penalty:** 5 Years' Imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** **RANDY JOSE MARTINEZ MACHADO**

**Case No:** ______________________

Count: 1

Conspiracy Against the United States

Title 18, United States Code, Section 371

***Max. Penalty:** 5 Years' Imprisonment

Counts: 2 and 3

Illegal Export of Wildlife

Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A)

***Max. Penalty:** 5 Years' Imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** RICARDO ARTURO IBARZ RIVAS

**Case No:** ______________________________

Count: 1

Conspiracy Against the United States

Title 18, United States Code, Section 371

***Max. Penalty:** 5 Years' Imprisonment

Counts: 2 and 3

Illegal Export of Wildlife

Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A)

***Max. Penalty:** 5 Years' Imprisonment

Counts: 4 and 5

False Labeling

Title 16, United States Code, Sections 3372(d)(1), and 3373(d)(3)(A)(i)

***Max. Penalty:** 5 Years' Imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** **OSWALDO J. MACHADO**

**Case No:** ______

Count: 1

Conspiracy Against the United States

Title 18, United States Code, Section 371

***Max. Penalty:** 5 Years' Imprisonment

Counts: 2 and 3

Illegal Export of Wildlife

Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A)

***Max. Penalty:** 5 Years' Imprisonment

Counts: 4 and 5

False Labeling

Title 16, United States Code, Sections 3372(d)(1), and 3373(d)(3)(A)(i)

***Max. Penalty:** 5 Years' Imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**